Filed 12/20/24  P. v. Garcia CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B335101 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA217507) |
| v. | |
| JOSE OCTAVIO GARCIA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Renée F. Korn, Judge.  Affirmed in part and remanded in part with directions.

Michele A. Douglass, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Jason Tran and Herbert S. Tetef, Deputy Attorneys General, for Plaintiff and Respondent.

_____

# MEMORANDUM OPINION[1]

In 2002, the trial court sentenced appellant Jose Octavio Garcia to 36 years to life in prison for first degree residential burglary pursuant to the Three Strikes law (Pen. Code,[2] §§ 667, subds. (b)-(i), 1170.12).  The court also imposed a $10,000 restitution fine (§ 1202.4, subd. (b)) and a $10,000 parole revocation fine (§ 1202.45).  It awarded Garcia 291 days of custody credit, including 252 actual days and 39 days of good time credit.  In 2003, the court corrected the custody credit calculation to award 378 days, consisting of 252 actual days and 126 days of good time credit.

On September 29, 2023, the trial court resentenced Garcia to 25 years to life in prison pursuant to section 1172.75.  It imposed a $300 restitution fine and a $10,000 parole revocation fine.  Lastly, it awarded 291 days of custody credit, including 252 actual days and 39 days of good time credit.  Garcia timely appealed; while the appeal was pending his counsel informed the trial court that it had erred in failing to recalculate the actual day component of Garcia's custody credit given the lengthy amount of time Garcia had been in custody before the resentencing.  On September 6, 2024, the trial court ordered the abstract of judgment corrected to reflect an award of 8,183 actual days of credit, and a $300 restitution fine.  However, the revised sentence did not specify whether Garcia was entitled to any days of good time credit, and it did not impose a parole revocation fine.

---

[1] See California Standards of Judicial Administration section 8.1(1).

[2] Unspecified statutory references are to the Penal Code.

The parties agree, and we concur, that the court failed to calculate any good time credit to which Garcia was entitled when it recalculated his custody credit on September 6, 2024.  The parties also agree, and we concur, that the court failed to impose a suspended $300 parole revocation fine pursuant to section 1202.45, subdivisions (a) and (c).  We accordingly remand for the court to impose a suspended parole revocation fine and to award Garcia any good time credit to which he is entitled.

## DISPOSITION

The matter is remanded for the court to impose a suspended $300 parole revocation fine and to award Garcia any good time credit to which he is entitled.  The judgment is otherwise affirmed.  Once the court has imposed the suspended parole revocation fine and awarded any good time credit to which Garcia is entitled, the clerk is to prepare a corrected judgment along with a corrected abstract of judgment reflecting these modifications and forward the amended abstract of judgment to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED

WEINGART, J.

We concur:

BENDIX, Acting P. J.          M. KIM, J.

3